## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 234

LOUIS. & NASH. R. R. CO. v. BROOKHART

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6350. Decided Nov. 23, 1925

1231. VENUE—Action against a railroad company having no part of its road in county where claimant resides must be brought in county nearest the residence of such claimant in which such company has its lines.

LEVINE, P. J.

Don Brookhart, the consignee of a shipment of sweet potatoes, brought action against the Louisville & Nashville R. R. Co. in the Cleveland Municipal Court to recover damages for loss sustained because of the freezing of said shipment caused by the company's failure to adequately protect said shipment against adverse weather conditions.

It appears from the evidence that Brookhart is a commission merchant in the city of Cleveland and that the company does not own or operate any railroad properties, freight or ticket offices, terminals or warehouses in Cuyahoga County. The nearest tracks of the company are in Cincinnati.

The Company filed a motion to quash service of summons, on the ground that the Municipal Court was without jurisdiction to try the case. This motion was overruled. Error was prosecuted and the Court of Appeals held:

1. An action against - - - a railroad company - - - - may be brought in any county through or into which such railroad passes or extends, provided that all actions against such - - - - - company for injuries to person or property - - - - must be brought in the county in which the cause of action or some part thereof arose, or in the county which the claimant for injuries to person or property - - - - resides at the time when the cause of action arose - - - - if the road or line of such company or any part thereof be located in such county.

2. If no part of such line or road be located in such county, then such action may be brought in the county in which any part of such road or line is located, nearest the place where the claimant for injuries to person or property - - - - so resides. 11273 GC.

3. The language of this statute is not clouded or ambiguous, and clearly limits the venue to the county of the plaintiff's residence at the time of the injury, or the county where the injury occurred, if the road or line or any part thereof be located in such county; otherwise in the county where the line is located nearest to the place of residence or injury. 107 OS. 352.

4. In this case the claimant residing in Cuyahoga county, and the nearest line of the Company being in Cincinnati, action should have been instituted in Hamilton County.

Judgment reversed.

Attorneys—Bulkley, Hauxhurst, Jamison & Sharp for Company; A. W. Monch for Brookhart; all of Cleveland.